

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEBORAH PRATHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-668-A |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, CitiMortgage, Inc., to dismiss. The court, having considered the motion, the response of plaintiff, Deborah Prather, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

On August 6, 2018, plaintiff filed her original petition in the District Court of Tarrant County, Texas, 67th Judicial District. Doc.[1] 1, Ex. C-3. On August 14, 2018, defendant filed its notice of removal, bringing the action before this court. By order signed October 9, 2018, the court ordered plaintiff to file an amended complaint in keeping with the requirements of the Federal Rules of Civil Procedure, local rules of this court, and the judge-specific requirements of the undersigned. Doc. 13.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

On October 19, 2018, plaintiff filed her first amended complaint. Doc. 14. In it, she alleges:

On or about March 13, 2008, plaintiff executed a note in the amount of $128,087, and, along with her husband, executed a deed of trust for the benefit of NTFN, Inc.[2] Doc. 13, ¶ 8. On April 15, 2010, the note and deed of trust were assigned to defendant. Id., ¶ 11; Doc. 16, APP_2. On October 9, 2014, another assignment of the deed of trust to defendant was executed and filed of record in Tarrant County, Texas. Doc. 14, ¶ 12; Doc. 16, APP_5. Plaintiff and defendant executed a loan modification agreement dated May 20, 2015. Doc. 14, ¶ 13. On November 14, 2017, defendant recorded an appointment of substitute trustee. Id., ¶ 14. On June 21, 2018, defendant filed a notice of sale to be conducted August 7, 2018. Id., ¶ 15. A foreclosure sale was conducted, but rescinded as a result of a temporary restraining order having been issued by the state district court. Id., ¶¶ 17-18.

Plaintiff asserts claims for violation of the Texas Debt Collection Act, Tex. Fin. Code §§ 392.001-.404 ("TDCA"), violation of the Texas Property Code, and breach of contract. She also seeks declaratory and injunctive relief.

---

[2]It appears that these documents were executed in connection with the purchase of real property located in the City of Bedford, Tarrant County, Texas. Doc. 14, ¶ 7.

II.

## Grounds of the Motion

Defendant asserts that plaintiff has not pleaded any plausible causes of action and that her amended complaint must be dismissed.

III.

## Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide

the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint

4

must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly

stated, Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) applies to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud. Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Statutory claims based on allegations of fraud, such as violations of the Texas Insurance Code, the TDCA, and the Texas DTPA, as well as those for fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b). Motten v. Chase Home Fin., 831 F. Supp. 2d 988, 994 (S.D. Tex. 2011); Berry v. Indianapolis Life Ins. Co., 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); Frith, 9 F. Supp. 2d at 742.

IV.

Analysis

The TDCA does not prohibit a creditor from exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings. Tex. Fin. Code § 392.301(b)(3). Juarez v. Wells Fargo Bank, N.A., No. 5-17-CV-00756-FB-RBF, 2018 WL 835211, at *5 (W.D. Tex. Feb. 12, 2018); Jones v. Wells Fargo Bank, N.A., No.

5-14-CR-943 RP, 2015 WL 12734177, at *3 (W.D. Tex. Jan. 21, 2015). Here, foreclosure (or the threat thereof) appears to be the basis of plaintiff's claims. To the extent plaintiff is questioning the authority of purported authorized agents to make the assignments of the note and deed of trust or otherwise act on behalf of defendant, she does not have standing to assert such claims. See Reinagel v. Deutsche Bank Nat'l Tr. Co., 735 F.3d 220, 226 (5th Cir. 2013).

To violate the TDCA by deceptive acts or practices, defendant must have made an affirmative statement that was false or misleading. Robinson v. Wells Fargo Bank, N.A., 576 F. App'x 358, 363 (5th Cir. 2014). Here, plaintiff makes nothing but conclusory allegations that are insufficient to state a claim. Jones, 2015 WL 12734177, at *3.

Section 392.304(a)(8) prohibits mortgage servicers from making misrepresentations about a debt. To state a claim for violation of this provision, plaintiff must allege that defendant made a misrepresentation that caused her to be unaware (1) that she had a mortgage debt, (2) of the specific amount she owed, or (3) that she had defaulted. Rucker v. Bank of Am., N.A., 806 F.3d 828, 832 (5th Cir. 2015); Miller v. BAC Home Loans Serv., Inc., 726 F.3d 717, 723 (5th Cir. 2013). She does not make such allegations. And, in any event, she admits that the foreclosure

7

sale at issue was rescinded. Section 392.304(19), which plaintiff also references, prohibits using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer. Plaintiff does not make any allegations to support such a claim.

Section 392.303(a)(2) of the TDCA prohibits collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer. To pursue a claim under this section, plaintiff must identify the unauthorized fees or charges. Williams v. Wells Fargo Bank, N.A., 560 F. App'x 233, 240 (5th Cir. 2014); Adams v. U.S. Bank, N.A., No. 3:17-CV-723-B-BN, 2018 WL 2164520, at *11 (N.D. Tex. Apr. 18 2018). Conclusory allegations, such as asserted here, are insufficient to state a claim. Id.

Under Texas law, there is no private right of action for violation of Texas Property Code § 51.002. Carey v. Wells Fargo, N.A., No. H-15-1666, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016); Ashton v. BAC Home Loan Serv., L.P., No. 4:13-CV-810, 2013 WL 3807756, at *2 (S.D. Tex. July 19, 2013). Instead, courts have construed complaints about violation of section 51.002 as claims for wrongful foreclosure. Carey, 2016 WL 4246997, at *3. The

8

elements of a claim for wrongful foreclosure are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. Barcenas v. Fed. Home Loan Mortgage Corp., No. H-12-2466, 2013 WL 286250, at *5 (S.D. Tex. Jan. 24, 2013). In this case, plaintiff has not alleged a grossly inadequate selling price. Rather, she appears to be relying on a theory of attempted wrongful foreclosure, but there is no such cause of action. Foster v. Deutsche Bank Nat'l Tr. Co., 848 F.3d 403, 406-07 (5th Cir. 2017); Iroh v. Bank of Am., N.A., No. 4:15-CV-1601, 2015 WL 9243826, at *4 (S.D. Tex. Dec. 17, 2015). And, one who has never lost possession of her property cannot recover on a wrongful foreclosure theory. Motten v. Chase Home Fin., 831 F. Supp. 2d 988, 1007 (S.D. Tex. 2011).

The elements of breach of contract are: (1) existence of a valid contract, (2) performance tendered by plaintiff, (3) breach of contract by defendant, and (4) damages sustained by plaintiff as a result. Sport Supply Grp., Inc. v. Columbia Cas. Co., 335 F.3d 453, 465 (5th Cir. 2003). Here, it appears that plaintiff is contending that persons purporting to act on behalf of defendant did not have authority to do so and that defendant breached the contract by failing to give proper notices. Doc. 14, ¶¶ 38-41. Plaintiff does not identify the contractual provisions she

9

alleges were breached, as is required to state a plausible claim. JohnCharles v. Wells Fargo Bank, N.A., No. 4:18-CV-00507-O-BP, 2018 WL 6681937, at *5 (N.D. Tex. Nov. 30, 2018). More importantly, plaintiff does not allege that she complied with the terms of the contract and, in fact, implicit in her complaint is the admission that she failed to make mortgage payments as required. A plaintiff who has breached a loan agreement by failing to make mortgage payments has no plausible claim for breach of contract. JohnCharles, 2018 WL 6681937, at *6; Ashton v. BAC Home Loans Serv., L.P., No. 4:13-CV-810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013). In addition, purported violations of statutory provisions do not constitute breach of contract. Uzodinma v. JPMorgan Chase Bank, N.A., No. 3:13-CV-5010-L, 2014 WL 4055367, at *4 (N.D. Tex. Aug. 14, 2014).

Plaintiff additionally seeks declaratory and injunctive relief, but these requests depend upon underlying claims. Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, 915 F.2d 167, 170-71 (5th Cir. 1990); Johnson v. Wells Fargo Bank, N.A., 999 F. Supp. 2d 919, 935 (N.D. Tex. 2014); Cook v. Wells Fargo Bank, N.A., No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010).

Finally, in her response, plaintiff mentions that she can identify specific provisions of the contract she says was

breached. Doc. 19 at 8. For the reasons discussed, plaintiff cannot pursue a breach of contract claim. Hence, any amendement in that regard would be futile. Moreover, plaintiff has already been given an opportunity to amend her pleadings. Doc. 13. And, in any event, she has had ample time in which to seek further leave to amend had she thought it necessary. The local civil rules of this court are very clear regarding what is required. See Local Civil Rule LR 15.1(a).

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and plaintiff's claims be, and are hereby, dismissed.

SIGNED January 8, 2019.

_____
JOHN MCBRYDE
United States District Judge